UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.W., | Case No.  24-cv-00248-SVK |
| Plaintiff, | |
| v. | **ORDER REVERSING AND REMANDING COMMISSION DECISION** |
| MARTIN O'MALLEY, | Re: Dkt. No. 1, 12, 14 |
| Defendant. | |

Plaintiff appeals from the final decision of the Commissioner of Social Security, which denied his application for disability insurance benefits.  The Parties have consented to the jurisdiction of a magistrate judge.  Dkt. 7, 8.  For the reasons discussed below, the Court **REVERSES** the Commissioner's decision and **REMANDS** this case for further proceedings.

## I.  BACKGROUND

On or about August 12, 2021, Plaintiff filed applications for disability insurance benefits and Supplemental Security Income.  *See* Dkt. 9 (Administrative Record ("AR")) 230-253.  Plaintiff originally claimed that his disability began on January 1, 2018, but he subsequently amended the onset date to January 1, 2020.  AR 32, 255.  The claim was denied initially on April 15, 2022 (AR 77) and denied on reconsideration on July 7, 2022 (AR 95).  On February 1, 2023 an Administrative Law Judge ("ALJ") held a telephonic hearing.  *See* AR 10.  On June 14, 2023, the ALJ denied Plaintiff's claims.  AR 7-26 (the "ALJ Decision").  The ALJ concluded that Plaintiff has the following severe impairments:  coronary artery disease, status-post stent placements; rheumatoid arthritis; degenerative disc disease of the cervical, thoracic, and lumbar spine; bilateral hand arthritis; hypertension; left shoulder rotator cuff repair; and degenerative joint disease of the right shoulder.  AR 13.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  AR 14.  The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light

United States District Court
Northern District of California

work with certain limitations.  AR 14-19.  The ALJ determined that Plaintiff was capable of performing his past relevant work as a security guard.  AR 19-20.  Accordingly, the ALJ found that Plaintiff was not under a disability, as defined in the Social Security Act, from January 1, 2020 through the date of the ALJ Decision.  AR 20.

The Appeals Council subsequently denied review of the ALJ Decision.  AR 1-6.  Plaintiff timely filed an action in this District, seeking review of the ALJ Decision.  Dkt. 1.

In accordance with the Federal Rules of Civil Procedure Supplemental Rules for Social Security Actions, the Parties have presented the action for decision on the briefs.  Dkt. 12 (Plaintiff's brief); Dkt. 14 (Commissioner's brief); Dkt. 15 (Plaintiff's response to Commissioner's brief); *see generally* Fed. R. Civ. P. Supp. SS Rule 5.  The action is now ready for decision without oral argument.

## II.  ISSUES FOR REVIEW

1.  Did the ALJ properly evaluate Plaintiff's reported reaching limitations?

2.  Did the ALJ properly evaluate the medical opinion evidence regarding Plaintiff's mental health-related limitations?

## III. STANDARD OF REVIEW

This Court is authorized to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited."  *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g).  Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."  *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards.  *Id*. at 492.  "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high."  *Biestek v. Berryhill*, 587 U.S. 97, 102-103 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin*., 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a

United States District Court
Northern District of California

United States District Court
Northern District of California

preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted).  The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted).  Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id*.

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492.  But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and citation omitted).

## IV. DISCUSSION

Both of Plaintiff's arguments in this action challenge aspects of the ALJ's RFC determination. *See* Dkt. 12 at 4, 5.  The ALJ concluded that Plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant [sic] frequently handle and finger bilaterally.  The claimant can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and/or stairs, but can never climb ladders, ropes or scaffolds.  The claimant can tolerate occasional exposure to hazards.

AR 14.

The regulation cited by the ALJ, 20 CFR § 404.1567(b), defines the exertional limitations of light work as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" can require "a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." In addition to exertional limitations, a claimant may also have nonexertional limitations that affect his "ability to meet the demands of jobs other than the strength demands."  20 C.F.R. § 404.1569a(c)(1).  Nonexertional limitations or restrictions include "difficulty performing the manipulative or postural functions of some work such as reaching, handling, stopping, climbing,

crawling, or crouching." 20 C.F.R. § 404.1569a(c)(1)(vi).

The ALJ is responsible for "translating and incorporating" the evidence of record "into a succinct RFC." *Rounds*, 807 F.3d at 1006; 20 C.F.R. § 404.1545(a)(1) (requiring that RFC assessment be "based on all the relevant evidence"); 20 C.F.R. § 404.1546(c) (stating that ALJ is "responsible for assessing [the] residual functional capacity."). "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including … medical records, lay evidence, and the effects of symptoms that are reasonably attributed to a medically determinable impairment." *Leonard v. Colvin,* 633 Fed. Appx. 362, 364 (9th Cir. 2015) (internal quotation marks and citations omitted). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Id.* (citing *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).

In this case, Plaintiff argues that the ALJ erred by failing to incorporate reaching limitations and limitations attributable to his mental health impairments in the RFC. *See* Dkt. 12 at 4-6.

**A.  Issue One:  Evaluation of Plaintiff's reported reaching limitations**

Plaintiff argues that the ALJ erred by failing to include reaching limitations in the RFC. Dkt. 12 at 4-5. The ALJ acknowledged that Plaintiff reported "difficulty lifting, squatting, bending, standing, ***reaching***, walking, sitting, kneeling, completing tasks, using his hands and getting along with others," as well as other difficulties. AR 15 (emphasis added); *see also* AR 39 (hearing transcript); AR 312 (Plaintiff's function report). The ALJ Decision does not otherwise explicitly mention Plaintiff's reaching limitations, and the ALJ did not incorporate any reaching limitations into Plaintiff's RFC. *See* AR 14.

"[S]ubstantial evidence does not support an ALJ's RFC assessment if the ALJ improperly rejected [the claimant's] testimony as to the severity of his pain and symptoms." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (internal quotation marks and citation omitted). To determine whether a claimant's subjective report of a symptom is credible, the ALJ must engage in a two-step analysis of (1) determining whether the claimant has presented "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged; and (2) if the first step is satisfied and there is no evidence of

4

United States District Court
Northern District of California

malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear and convincing reasons for doing so." *Id.* (citations omitted).

At the first step of the credibility analysis, "the claimant is not required to show that [his] impairment could reasonably be expected to cause the *severity* of the symptom [he has] alleged; [he] need only show that it could reasonably have caused *some degree* of the symptom." *Id.* (citation omitted; emphasis added). Here, the ALJ stated that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" AR 15. Although Plaintiff testified about multiple symptoms, including but not limited to reaching, the ALJ did not specify which symptoms his medically determined impairments could cause. *Id.* However, considering the ALJ's broad language, the placement of this finding in the paragraph of the ALJ Decision that immediately followed the paragraph noting Plaintiff's reported difficulty in reaching, and discussion elsewhere in the ALJ Decision of Plaintiff's shoulder and back impairments, the Court concludes that the ALJ "impliedly found that [Plaintiff's] medically determinable impairments could reasonably be expected to cause" his reaching limitations. *See Ferguson*, 95 F.4th at 1200. Because step of one of the credibility analysis was satisfied and the ALJ did not identify any evidence of malingering, the ALJ was required to move to step two of the symptom analysis. *Id.*

The specific, clear, and convincing evidence required at step two of the symptom analysis must "explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony." *Ferguson*, 95 F.4th at 1200 (emphasis in original). Here, the ALJ stated, again in generalized terms, that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained throughout this decision." AR 15; *see also* AR 19 ("As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent with the medical evidence"). But although the ALJ acknowledged that Plaintiff reported difficulty in reaching (AR 15), the ALJ Decision does not otherwise mention, much less analyze, Plaintiff's reaching limitations. The ALJ discussed various medical evidence and evidence of Plaintiff's activities of daily living ("ADLs") (*see, e.g.,* AR 15-

19), but the ALJ simply failed to explain how this evidence was inconsistent with Plaintiff's allegation that he had difficulty reaching. Particularly in light of the ALJ's conclusion that Plaintiff had severe impairments that included left shoulder rotator cuff repair, degenerative disc disease of the right shoulder, bilateral hand arthritis, and degenerative disc disease throughout his spine (AR 13), along with the ALJ's discussion of medical evidence of shoulder, hand, and spine problems (*see, e.g.,* AR 15-19), the ALJ needed to do more to explain how the medical evidence was inconsistent with Plaintiff's reported reaching limitations. Moreover, although the ALJ based her analysis of the credibility of Plaintiff's symptom testimony in part on Plaintiff's ability to "maintain some exercise, including jogging and karate power kicks" (AR 19), the ALJ did not explain how, in her view, these ADLs were inconsistent with his reports of reaching limitations, and the Court "see[s] no reasonable inference that such an inconsistency exists." *Ferguson*, 95 F.4th at 1203.

Accordingly, the Court concludes that the ALJ failed to provide the required specific, clear, and convincing evidence to support her decision to discount Plaintiff's report of reaching limitations. *See id.* at 1199.

This error was not harmless. "A claimant's subjective symptoms, if credited, are relevant to the determination of the claimant's [RFC], which is 'the most [one] can still do despite [one's] limitations." *Id.* at 1198 (quoting 20 C.F.R. § 416.945(a)(1)). "The RFC is used at step four to determine if a claimant can adjust to past relevant work and at step five to determine if a claimant can adjust to other work." *Id.* at 1198 (citing 20 C.F.R. § 416.920(e)). As noted, the ALJ's RFC determination in this case did not include a reaching limitation. AR 14. Based on that RFC, the ALJ determined that Plaintiff was capable of performing his past relevant work as a security guard and that Plaintiff therefore was not disabled under the Social Security Act. AR 19-20. However, the vocational expert ("VE") testified at the hearing that a reaching limitation would eliminate Plaintiff's past relevant work. AR 50-51.

In sum, the ALJ's RFC assessment is not supported by substantial evidence because the ALJ did not articulate any specific, clear, and convincing reasons for discounting Plaintiff's reported reaching limitations.

**B. Issue Two: Evaluation of medical opinions concerning Plaintiff's mental health-related limitations**

Under the revised Social Security Administration regulations that apply in this case, the ALJ was required to consider all medical opinions and "evaluate their persuasiveness" based on the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors." 20 C.F.R. §416.920c(a)-(c). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability and the ALJ is required to explicitly address supportability and consistency in her decision. 20 C.F.R. § 416.920c(a), (b)(2); *see also Woods v. Kijakazi,* 32 F.4th 785, 791-793 (9th Cir. 2022). The ALJ may, but is not required to, explain how she considered the remaining three factors. 20 C.F.R. § 416.920c(b)(2). The new regulations "displace [the Ninth Circuit's] longstanding case law" requiring an ALJ to articulate "specific and legitimate reasons" for rejecting a treating physician's opinion where the opinion is contradicted by other medical opinions. *Woods,* 32 F.4th at 787.

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Id.* at 791-92; *see also* 20 C.F.R. § 416.920c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be"). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods*, 32 F.4th at 792; *see also* 20 C.F.R. §416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be"). As with all other determinations made by the ALJ, the ALJ's persuasiveness explanation must be supported by substantial evidence. *See Woods,* 32 F.4th at 792.

Plaintiff argues that the ALJ erred in concluding that Plaintiff's mental impairments were non-severe and in failing to incorporate mental and non-exertional limitations in Plaintiff's RFC.

Dkt. 12 at 5-6.  Plaintiff's argument relies on an opinion offered by psychologist G.E. Washington, Psy.D., who conducted a consultative examination of Plaintiff and diagnosed him with a "[m]ood disorder due to a general medical condition." *Id.* at 5 (citing AR 1925). Dr. Washington opined that Plaintiff had work-related limitations including moderate impairments in the following areas:  (1) Plaintiff's ability to complete a normal workday or workweek without interruption from a psychiatric condition; (2) his ability to maintain regular attendance in the workplace; and (3) his ability to deal with the usual stresses encountered in competitive work. AR 1926.  The ALJ found Dr. Washington's opinion "less persuasive than those of the state agency medical consultants." AR 18.  For the reasons that follow, the Court concludes that in discounting Dr. Washington's opinion, the ALJ erred in evaluating the required factors of consistency and supportability of that medical opinion.  *See* 20 C.F.R. § 416.920c(a), (b)(2).

On the issue of consistency, the ALJ concluded that Dr. Washington's opinion of Plaintiff's mental health-related limitations was inconsistent with both (1) Dr. Kresser's opinion that Plaintiff's mental impairments were not severe, and (2) Plaintiff's medical records which "at most, show mild mental health related impairments."  AR 18.[1]

The ALJ's discussion of purported inconsistencies between the opinions of Dr. Washington and Dr. Kresser encompassed several topics.  *See id.*  The ALJ emphasized that "Dr. Washington's diagnosis was mood disorder to due to physical condition and the limitations found by Dr. Washington seemed to include limitations related to physical condition as well." *Id.* The ALJ failed to explain her apparent view that mental impairments caused by a claimant's physical condition should not factor into the analysis of whether the claimant has moderate limitations in work-related tasks, and the ALJ thus failed to support her rejection of Dr. Washington's opinion with substantial evidence.  *See Emily S. v. Kijakazi*, No. 22-CV-01331-RMI, 2023 WL 3805257, at *7-8 (N.D. Cal. June 1, 2023) (holding that ALJ erred in evaluating medical opinions pertaining to plaintiff's mental health where ALJ relied on "generally normal

---

[1] The Commissioner argues that "Plaintiff does not dispute the ALJ's reasoning that Dr. Washington's limitations were inconsistent with Plaintiff's medical records" and therefore "waived the argument" (Dkt. 14 at 4), but the Court finds the Commissioner's waiver argument misplaced in light of the issues raised in Plaintiff's opening brief.  *See, e.g.,* Dkt. 12 at 5-6.

United States District Court
Northern District of California

findings apart from mood and affect disturbances" but failed to differentiate such mental disturbances from plaintiff's underlying diagnosis).

The ALJ also endorsed Dr. Kresser's comment that Plaintiff had not had mental health treatment. AR 18 ("Dr. Kresser noted that the claimant had not had mental health treatment" and "her opinions are consistent with the record as a whole showing few complaints of mental health symptoms, no significant mental health treatment, and few if any observations by providers regarding abnormalities related to mental health"). This conclusion is not supported by the record. Notably, the Commissioner's brief discusses a "six-week functional restoration program that Plaintiff attended from April 2020 to May 2020." Dkt. 14 at 4. The medical records concerning this program indicate that Plaintiff's interdisciplinary treatment team included psychologists. AR 975. The records cited by the Commissioner demonstrate that as part of this program, Plaintiff underwent psychological treatment including "individual therapy sessions addressing the psychological factors impacting his pain and recovery." AR 1121; *see also id.* (noting "less depression" and slightly improved anxiety score); AR 976 (indicating improvement in Plaintiff's "depression" and in other areas such as concentration, positive thinking, and distorted thoughts); AR 1054 (noting improvement in Plaintiff's ability to cope with "his psychological distress" and Plaintiff's reports of "less anxiety"). Thus, substantial evidence does not support the ALJ's conclusion that Plaintiff had not undergone mental health treatment.

In reaching the conclusion that Dr. Kresser's opinion was more persuasive than that of Dr. Washington, the ALJ also stated that new medical evidence (apparently submitted at the reconsideration stage) "showed the claimant drinks beer and whiskey when playing video games, and smokes marijuana daily." AR 18. The ALJ did not explain how these factors were relevant to Plaintiff's ability to complete a normal workday or workweek without interruption from a psychiatric condition, maintain regular attendance in the workplace, or withstand usual workplace stresses, which are the areas in which Dr. Washington found Plaintiff had mental health-related impairments. Notably, the ALJ did not engage in the analysis required if drug or alcohol use is a material factor in the disability determination. *See* 20 C.F.R. § 404.1535.

For the foregoing reasons, the ALJ erred in evaluating the persuasiveness of

Dr. Washington's opinion because the ALJ's explanation concerning consistency is not supported by substantial evidence. *See Woods,* 32 F.4th at 792.

Not only did the ALJ err in evaluating the consistency of Dr. Washington's medical opinion with the rest of the record, the ALJ also erred by failing to explicitly discuss the "supportability" of Dr. Washington's opinion. *See Anne B. v. Kijakazi*, No. 22-CV-07012-TSH, 2023 WL 8039639, at \*10 (N.D. Cal. Nov. 20, 2023) ("The ALJ discussed consistency, but he is required to address both consistency and supportability"). The Commissioner interprets the ALJ's statement that Dr. Washington's opinion "is based on a one-time examination" as an analysis of the supportability of that opinion. *See* Dkt. 14 at 4-5. Even if this statement satisfied the requirement that the ALJ address the supportability of the opinion, however, the ALJ's decision in this regard appears inconsistent with her conclusion that the opinion of Dr. Kresser, who did not examine Plaintiff at all, are "supported." Dkt. 18. In the context of this case, the ALJ did not explain how the bare fact that Dr. Washington's opinion was based on a single examination of Plaintiff rendered that opinion unsupported.

In his brief, the Commissioner offers an alternative basis upon which the ALJ could have found Dr. Washington's finding of moderate limitations to be unpersuasive: Dr. Washington "did not define the term 'moderate' or provide any specifics on Plaintiff's ability to maintain attendance, complete a workday, or deal with stress." Dkt. 14 at 5. However, the ALJ did not cite this factor in her decision to discount Dr. Washington's opinion, and the Court is unable to review reasons for the rejection of opinion evidence that the ALJ herself did not provide. *See Norman v. Berryhill*, No. 17-CV-04108-SI, 2018 WL 4519952, at \*8 (N.D. Cal. Sept. 19, 2018) (citing *Brown-Hunter*, 806 F.3d at 492).

The ALJ's errors in evaluating Dr. Washington's opinion about Plaintiff's mental impairments were not harmless. Dr. Washington opined that Plaintiff had moderate limitations in his abilities to complete a normal workday or workweek without interruption, maintain regular attendance, and deal with usual work stressors. AR 1926. At the hearing, the hypotheticals the ALJ posed to the VE contained no such limitations. AR 49-51. The VE testified that if an individual "would be off task or nonproductive 15% of the workday" it would "preclude full-time

United States District Court
Northern District of California

work." AR 51. In light of this testimony, the Court cannot conclude that Plaintiff is capable of performing his past relevant work if he had the limitations found by Dr. Washington.

Accordingly, the ALJ erred in evaluating the medical evidence concerning Plaintiff's mental limitations.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED**. It is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated, and therefore remand is appropriate. *Luther v. Berryhill*, 891 F.3d 872, 877-78 (9th Cir. 2018). Accordingly, Plaintiff's application to the agency is **REMANDED** for further proceedings in accordance with this order.

**SO ORDERED.**

Dated: July 30, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

11